United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Alexandra Acosta,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Criminal Case No. 23-60170-CR-Scola

## <u>Omnibus Order</u>

This matter comes before the Court on the Government's motions in limine (ECF Nos. 38, 39) and the Defendant's motions in limine. (ECF Nos. 49, 52.) On May 28, 2024, the Court heard oral arguments on the motions before trial. Defendant Alexandra Acosta was present. The Court has considered the motions and the arguments presented by counsel. For the reasons stated on the record and further described below, the Court rules as follows:

1. The Court **grants in part** the Government's motion to admit inextricably intertwined evidence. (**ECF No. 38**.) Specifically,

   a. The Court **grants** the Government's motion to introduce Internal Revenue Service ("IRS") evidence to show Acosta allegedly owed the IRS $18,491.55 two weeks before the PPP loan application was submitted. (*Id.*) However, the IRS evidence may not become a feature of the trial.

   b. The Court **grants** the Government's motion to admit evidence related to the Broward Sheriff's Office polices about off-duty and extra duty employment, including "completed off-duty employment forms by Acosta in 2016, 2017, and 2018, and the absence of completed forms for 2019, 2020, and 2021." (*Id.*) Such evidence is relevant to Acosta's knowledge and state of mind.

   c. The Court **denies** the Government's motion to introduce evidence related to Acosta's dispute with a pool contractor. (*Id.*)

2. The Court **grants in part** the Government's motion in limine to exclude the following evidence at trial. (**ECF No. 39**.) Specifically,

   a. The Court **denies** the Government's motion to exclude evidence and arguments of any attempt or successful repayment of the fraudulent funds to the SBA.

   b. The Court **grants** by agreement the Government's motion to exclude evidence and arguments concerning any alleged negligence

by the victim lender, their loan processors, or the United States Small Business Administration ("SBA").

c. The Court **grants** by agreement the Government's motion to exclude evidence and arguments concerning any profit by the above-referenced victims.

d. The Court **grants** by agreement the Government's motion to exclude evidence and arguments relating to jury nullification, including evidence and argument about the nature of the prosecution, use of federal resources, and the United States's charging decisions.

3. The Court **grants in part** the Defendant's motion in limine to exclude the following evidence. (**ECF No. 49**.) Specifically,

a. The Court **denies** the Defendant's motion to exclude evidence that Acosta and her wife are law enforcement officers with the Broward Sheriff's Office ("BSO") and Miramar Police Department, respectively.

b. The Court **denies** the Defendant's motion to exclude evidence of Acosta's IRS audit or tax liabilities and BSO's off-duty work policy; the Court **grants** the Defendant's motion to exclude evidence of her dispute with the company that built her pool.

c. The Court **grants** by agreement the Defendant's motion to exclude evidence Acosta allegedly uttered—or that Sgt. Eric Giraldo allegedly overheard Acosta say—"this is f***ed up" or "I f***ed up."

d. The Court **grants in part** the Defendant's motion to exclude evidence "[a]ny overly prejudicial statements regarding COVID-19 or the purpose of PPP loans, including any mention that the program ran out of funds." Specifically, the Court grants the Defendant's motion to exclude any mention that the PPP program ran out of money.

4. The Court **grants** the Defendant's motion in limine to admit hearsay and other evidence. (**ECF No. 52**.) Specifically,

a. The Court **grants** the Defendant's motion to admit hearsay statements allegedly made by Vilsaint St. Louis to Acosta about PPP loans and the PPP loan application at issue. Acosta seeks to admit such statements to establish her "state of mind regarding willfulness, intent, and good faith." (*Id.*)

b. The Court **grants** the Defendant's motion to admit evidence that Acosta repaid her PPP loan in full with penalties and interest.

**Done and ordered**, in Miami, Florida, on May 28, 2024.

Robert N. Scola, Jr.
United States District Judge